The Honorable Betty Jo Charlton 1624 Indiana Street Lawrence, Kansas 66044
Dear Representative Charlton:
As representative for the forty-sixth district, you requested our opinion regarding the application of the Kansas open records act, K.S.A. 45-215 et seq, to the Kansas department of transportation's records of the estimated costs and the prices paid by the department for parcels of the south Lawrence trafficway.
As you have indicated, the specific request made by a citizen is for the Kansas department of transportation (department) to provide a list "identifying the estimated cost for each parcel (with owner of record listed) and a list identifying the actual amount paid for each parcel (with owner of record listed)." Because the department is clearly a public agency as the term is defined in K.S.A. 45-217(e)(1), the records sought by the citizen are included within the definition of public records as set forth in K.S.A. 45-217(f)(1). Public records are defined as "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency . . ." Furthermore, the department concedes there is a public interest in the records as "expenditures of public funds for right of way acquisition is within the public interest and that the information is subject to public scrutiny." Therefore, there is no doubt that the Kansas open records act applies to this situation.
The KORA declares it to be the policy of this state that public records of public agencies shall be open for inspection by any person unless otherwise provided by the act, and that the act shall be liberally construed and applied to promote that policy. K.S.A. 45-216(a); Harris Enterprises, Inc. v. Moore, 241 Kan. 59,63 (1987). There are enumerated exceptions to the general broad openness policy of the act. You specifically ask whether one of those exceptions, K.S.A. 45-221(a)(13), applies to the information requested of the department in this situation or whether the department should disclose the information to the citizen.
K.S.A. 45-221(a)(13) specifically provides that:
 "Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
. . . .
 "(13) The contents of appraisals or engineering or feasibility estimates or evaluations made by or for a public agency relative to the acquisition of property, prior to the award of formal contracts therefore." (Emphasis added).
As you indicate, the south Lawrence trafficway has apparently been treated by the department as two distinct projects — one including work on the eastern leg of the trafficway, upon which there have been no land purchases and the final design has not been made, and the other involving work on the western leg of the trafficway upon which land has been purchased, contracts have been executed, and work has indeed begun. The difference in treatment for the two legs of the trafficway is significant if they truly are two separate projects. Because no formal contracts have been awarded, the department is not required to disclose information on the acquisition of property for the eastern leg under K.S.A. 45-221(a)(13). However, there is apparently nothing more to negotiate in acquisition of property regarding the western leg of the trafficway; this exemption no longer applies to the western leg of the project.
The department argues that the trafficway is one project and has been treated as such by the department since its inception. As a result, the department argues that until the entire project has been finalized, that is formal contracts have been let for all segments, the records of the type requested by the citizen should remain confidential and protected from disclosure by K.S.A.45-221(a)(13). Although the south Lawrence trafficway may officially be regarded by the department as one project, the practical implications of the execution of the trafficway is that the eastern and western leg are two separate projects. Because the intent of the KORA is to promote openness liberally and to construe the exceptions to disclosure narrowly (Fredrickson, "Letting the Sunshine In: An analysis of the 1984 Kansas Open Records Act", K.L.R. 205, 235 (1985)), the department should still be advised to disclose the requested information under K.S.A.45-221(a)(13) for the western leg because the contracts have been executed for that leg.
Although your request specifically concerned the application of K.S.A. 45-221(a)(13) only, it is informative to consider the other arguments made by the department to protect these records from disclosure.
The department indicates that the files requested by the citizen include "appraisals, negotiation notes, memorandum of various opinions, memorandum substantiating purchase, information received from landowners, contracts, vouchers and more." The department's internal communications are not required to be disclosed in certain circumstances according to K.S.A. 45-221(a)(20) which states that:
 "Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
. . . .
 "(20) Notes, preliminary drafts, research data in the process of analysis, unfunded grant proposals, memoranda, recommendations or other records in which opinions are expressed or policies or actions are proposed, except that this exemption shall not apply when such records are publicly cited or identified in an open meeting or in an agenda of an open meeting."
The department may separate or delete such information and disclose the remaining information under K.S.A. 45-221(d).
Another argument made by the Kansas department of transportation is that K.S.A. 45-221(a)(2) is relevant to this situation. This section provides that:
 "Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
. . . .
 "(2) Records which are privileged under rules of evidence, unless the holder of the privilege consents to the disclosure."
The department states that this exception would seemingly apply in situations where litigation has been filed. The statutory privileges include lawyer-client, physician-patient, husband-wife, and priest-penitent. K.S.A. 60-426; 60-427; 60-428; 60-429. The department may have records of attorney-client communications which would be confidential, however the other privileges do not appear to apply under the circumstances. The fact that litigation is pending does not transform all pertinent records into privileged communications.
A final argument made by the department is that K.S.A.45-221(a)(1) applies and may exempt the records requested. K.S.A.45-221(a)(1) provides that:
 "Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
 "(1) Records the disclosure of which is specifically prohibited or restricted by federal law, state statute or rule of the Kansas supreme court or the disclosure of which is prohibited or restricted pursuant to specific authorization of federal law, state statute or rule of the Kansas supreme court to restrict or prohibit disclosure."
The department correctly points out that Kansas supreme court rules 225 and 226, governing the discipline of attorneys, are included within this exception. The department specifically calls attention to the confidentiality provisions in each of these rules. The wording of the pertinent portions of each of these rules (Canon 4 and Rule 1.6 respectively) is virtually identical and requires an attorney to protect the confidences of his or her client. To fall under the confines of these rules, a communication between an attorney and client "must be of a confidential character, and so regarded, at least by the client, at the time, and must relate to a matter which is in its nature private and properly the subject of confidential disclosure."City of Wichita v. Chapman, 214 Kan. 575, 582, 521 P.2d 589
(1974). If information which fulfills these requirements is contained in the general files for the south Lawrence trafficway, then the chief counsel may simply remove those items and disclose the rest of the information as required by the rules. K.S.A.45-221(d). Again, however, the fact that litigation is pending does not itself transform records into privileged or confidential communications.
In sum, the Kansas department of transportation has, for all practical purposes, treated the eastern and western legs of the south Lawrence trafficway as two separate projects. Because formal contracts have not been executed therefor, the department is not required to disclose information on the eastern leg of the trafficway under K.S.A. 45-221(a)(13). However, in the case of the western leg of the trafficway, the department must disclose the information as requested, with the exception of internal communications which have not been made public or privileged communications between attorney and client.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
CJS:JLM:NKF:bas